UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Jerald Mitchell,

        Plaintiff,

v.

Diversified Adjustment Service, Inc.

        Defendant.

**COMPLAINT**

**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Invasion of Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff Jerald Mitchell (hereinafter "Plaintiff") is a natural person who resides in the city of Saint Paul, County of Ramsey, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. Defendant Diversified Adjustment Service, Inc. (hereinafter "Defendant") is a domestic corporation incorporated under the laws of the state of Minnesota and regularly engages in debt collection with a principal place of business at 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434. Defendant is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. On May 26, 2006 Plaintiff sold his home located at 767 Reaney Avenue, Saint Paul, Minnesota ("the property").

6. In 2008, the new owner of the property incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), with Xcel Energy ("Xcel") in the amount of $1,264.74.

7. Upon information and belief, in or about December 2008, Xcel transferred the account (#51-8460640-6) to Defendant for collection.

8. On or about March 2, 2009 Defendant began to place a series of collection calls to Plaintiff in an attempt to collect on the Xcel account that does not belong to Plaintiff.

9. On or about March 2, 2009, during Plaintiff's first conversation with Defendant's agent, Plaintiff put Defendant on notice that he had sold the property back in May 2006, and that the alleged Xcel debt did not belong to him.

10. Despite being put on notice that since May 2006, Plaintiff has not owned or lived at the property on which the alleged Xcel debt is based, Defendant continued to

place collection calls to Plaintiff and demand payment in violation of 15 U.S.C. §§ 1692d and 1692f.

11. During the conversations initiated by Defendant between March 2, 2009 and March 16, 2009, Defendant's agents spoke to Plaintiff in a rude, threatening manner and called him names such as "deadbeat", "low-life", "lazy a**", "liar", and "con artist", and threatened to continue calling Plaintiff until he paid the bill in full, all in violation of 15 U.S.C. §§ 1692d, 1692d(2), 1692d(5), 1692e(7), and 1692(f).

12. Defendant's actions in pursuit of an alleged debt Plaintiff does not owe to Defendant invaded Plaintiff's privacy and caused Plaintiff to suffer actual damages, emotional distress and anxiety.

26. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 ET SEQ.**

28. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY

31. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated herein.

32. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff when it placed harassing and abusive collection calls to Plaintiff in an attempt to collect a debt he does not owe.

33. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

34. The intrusions by Defendant occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiff's position.

35. As a result of Defendant's conduct, Plaintiff suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered in favor of Plaintiff against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered in favor of Plaintiff against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) & (B);
- That the Court award costs and reasonable attorney's fees in favor of Plaintiff against Defendant pursuant to 15 U.S.C. § 1692k(a)(3);
- That a judgment be entered in favor of Plaintiff against Defendant for actual and compensatory damages for Invasion of Privacy in an amount to be determined at trial; and
- That the Court grant such other and further relief as may be just and proper.

Dated this 31st day of May, 2009         By: /s/ Thomas J. Lyons, Jr.

                                                  **CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
MN Bar No.: 249646
Trista M. Roy, Esq.
MN Bar No.: 0387737
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
                                        ) ss
COUNTY OF RAMSEY )

      I, Jerald Mitchell, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                            /s/ Jerald Mitchell
                                                            Jerald Mitchell

Subscribed and sworn to before me
this 15th day of May, 2009.


/s/ Kelly A. Mitchell
Notary Public